## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CUTTER SOUTHWEST AIRCRAFT
SALES, LLC,**

     **Plaintiff,**

**v.**

**KANSAS CITY AVIATION CENTER, INC.,**

     **Defendant.**

**Case No. 23-2106-DDC-KGG**

## MEMORANDUM AND ORDER

Plaintiff Cutter Southwest Aircraft Sales, LLC originally filed this action in the District Court of Johnson County, Kansas. Doc. 1 at 1. Defendant Kansas City Aviation Center, Inc. then removed this action, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). *Id.* at 2. Plaintiff has now moved for remand because 28 U.S.C. § 1441(b)(2) (the forum-defendant rule) prevents defendant from removing this action. Doc. 5 at 1. And defendant agrees; it now consents to remanding this action back to state court. Doc. 7 at 3. But plaintiff has one more request: it wants attorney's fees for litigating the removal and remand under 28 U.S.C. § 1447(c). Because § 1441(b)(2) does not permit defendant to remove this diversity action, the court grants plaintiff's Motion to Remand. And because defendant had no objectively reasonable basis for removal, the court grants plaintiff's request for attorney's fees. The court explains its decision, below.

### I.    Motion to Remand

"'Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction.'" *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (quoting *Rural*

*Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)).  "The federal removal statute, 28 U.S.C. § 1441, permits a defendant to remove to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'"  *Id.* at 984–85 (quoting 28 U.S.C. § 1441(a)).  But when the removing defendant alleges diversity jurisdiction under 28 U.S.C. § 1332(a), the removal statute prohibits defendant from removing based on diversity if the defendant "is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Here, defendant concedes:  It is a citizen of Kansas, and plaintiff brought the action in Kansas state court.  Doc. 1 at 1–2.  Section 1441(b)(2) thus squarely—and plainly—forecloses removal by defendant based on diversity of citizenship.  Defendant moreover now consents to remand.  Doc. 7 at 3.  Because the removal statute does not permit defendant as a forum-defendant to remove this diversity action, the court grants plaintiff's Motion to Remand (Doc. 4).

## II.    Attorney's Fees

Plaintiff also seeks an award of attorney's fees under 28 U.S.C. § 1447(c).  The court grants that request because defendant lacked an objectively reasonable basis for removal.  Section 1447(c) allows the court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The decision to award fees and expenses "is left to the district court's discretion[.]"  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005).  But the Supreme Court has instructed that absent "unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 141.  "Conversely, when an objectively reasonable basis exists," the court should deny fees.  *Id.*

Defendant had no objectively reasonable basis for removing this action to federal court.

As explained above, § 1441(b)(2) plainly forecloses removal based on diversity.  Defendant thus

lacked an objectively reasonable basis for removing this action.  *See, e.g.*, *Given v. David*, No.

09-2143, 2009 WL 10707849, at *3 (D. Kan. Aug. 5, 2009) (finding that defendant had no

objectively reasonable basis for removal because plain language of § 1441(b) prohibited

removal).  Because defendant had no objectively reasonable basis for removal, attorney's fees

are appropriate.

Defendant counters that plaintiff's demand for attorney's fees is both procedurally and

substantively improper.  The court disagrees.  Defendant argues that plaintiff's request for

attorney's fees must fail procedurally because plaintiff hasn't complied with Fed. R. Civ. P.

54(d)(2)(B)(iii) or D. Kan. Rule 54.2.  Doc. 7 at 3–4.  But this court often has granted a

plaintiff's request for attorney's fees under § 1447(c) and *then* ordered the parties to comply with

D. Kan. Rule 54.2.  *See KHC Enters. LLC v. KC Hemp Co., LLC*, No. 19-CV-2718, 2020 WL

1904030, at *3 (D. Kan. Apr. 17, 2020) (granting attorney's fees and then ordering parties to

follow D. Kan. Rule 54.2 to determine the amount owed); *see also City of Neodesha v. BP Corp.

N.A. Inc.*, 355 F. Supp. 2d 1182, 1190 (D. Kan. 2005) (same).  The court applies that common

practice here.

Defendant also argues that plaintiff's request must fail substantively because it had an

objectively reasonable basis for removal.  Specifically, it claims that it "assum[ed] that [plaintiff]

might consent to a federal forum."  Doc. 7 at 5.  But defendant fails to explain why its

assumption that plaintiff would consent to removal was itself reasonable.[1]  Additionally,

---

[1]        To show the reasonableness of its assumption, defendant offers the court a nearly 20-year-old
newsletter that says defendants have "no reason not to remove" an action putatively barred by the forum-
defendant rule because "it's possible" the plaintiff will waive the rule.  Doc. 7 at 5.  It also offers an email
chain in which defendant repeatedly asserts that it assumed plaintiff would consent to removal.  But
pointing to the mere fact that defendant made an assumption does not make that assumption reasonable—
even if a newsletter says there's no reason *not* to make that assumption.

defendant relies on *Klayman v. Judicial Watch, Inc.*, where a court declined to impose attorney's fees because the plaintiff might have consented to a federal forum even though forum-defendant rule barred removal.  185 F. Supp. 3d 67 (D.D.C. 2016).  But a key difference distinguishes that case from this one:  the plaintiff had agreed to a forum-selection clause.  *Id.* at 73 (finding an objective basis for removal in part because the court needed "to interpret the forum selection clause . . . to determine whether remand was warranted").  And the removing defendant thus had reason to believe that the plaintiff would waive—or even must waive—the forum-defendant rule. *See id.*  But here, defendant has offered no indication—forum-selection clause or otherwise— that plaintiff wished to waive the forum-defendant rule.[2]  Because § 1441(b)(2) plainly foreclosed removal, defendant had no objectively reasonable basis for removing this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Remand (Doc. 4) is granted.  The court remands the case to the District Court of Johnson County, Kansas.  Defendants are ordered to pay reasonable attorney's fees and costs incurred from responding to this removal.  The parties must follow the procedures set forth in D. Kan. Rule 54.2 in resolving the amount of attorney's fees and costs.  If agreement is reached, the parties must file the appropriate stipulation and request for order.  If no agreement is reached on this issue, plaintiff must submit a motion, properly supported by affidavits and records, setting forth the amount of and manner of calculating the attorney's fees and costs and addressing the reasonableness of the request.  Plaintiff must submit that motion within 30 days of this Order. Defendant must file any objections within 14 days after the filing of plaintiff's motion.

**IT IS SO ORDERED.**

---

[2]      Defendant also relies on a case where the court didn't impose attorney's fees because there was a "circuit split on whether the forum defendant rule is jurisdictional."  Doc. 7 at 5.  But the Tenth Circuit has held that the forum-defendant rule is not jurisdictional—as defendant acknowledges in its brief.  *See id.*; *Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013).

Dated this 10th day of May, 2023, at Kansas City, Kansas.

s/ Daniel D. Crabtree

Daniel D. Crabtree

United States District Judge
